UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**YOUNGTURKS LLC,**

      **Plaintiff,**

v.                                           **Case No: 6:23-cv-1720-WWB-DCI**

**THE INDIVIDUALS, PARTNERSHIPS AND UNINCORPORATED ASSOCIATIONS OPERATING HTTPS://SHOPNAVIGO.COM/ AND HTTPS://IDRIVESHOP.COM/, NAVIGO PLUS, LLC and ESLAM ABOZAID,**

      **Defendants.**

## ORDER

This cause comes before the Court for consideration without oral argument on the following motion:

> **MOTION:** Motion for Final Default Judgment (Doc. 28)
>
> **FILED:** January 25, 2024
>
> **THEREON** it is **ORDERED** that the motion is **DENIED**.

Plaintiff filed the instant copyright infringement claim against Defendants on September 7, 2023. Doc. 1. Plaintiff then filed multiple motions for default judgment, each of which was denied for deficiencies in service of process. *See* Doc. 12, 17. On December 12, 2023, the Clerk entered an entry of default. Doc. 26. After a warning by the Court that this case would be dismissed for failure to prosecute if Plaintiff did not file a renewed motion for default judgment, Plaintiff filed the instant motion for default judgment. Doc. 28 (the Motion). Upon review of the

record, the Court finds that Plaintiff has, once again, failed to adequately establish service of process and the Motion is therefore denied.

## I. Legal Standard

The Federal Rules of Civil Procedure establish a two-step process for obtaining default judgment. First, when a party against whom a judgment for affirmative relief is sought fails to plead or otherwise defend as provided by the Federal Rules of Civil Procedure, and that fact is made to appear by affidavit or otherwise, the Clerk enters default. Fed. R. Civ. P. 55(a). Second, after obtaining clerk's default, the plaintiff must move for default judgment. Fed. R. Civ. P. 55(b). Before entering default judgment, the court must ensure that it has jurisdiction over the claims and parties, and that the well-pled factual allegations of the complaint, which are assumed to be true, adequately state a claim for which relief may be granted. *See Nishimatsu Constr. Co. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975).[1]

## II. Discussion

To be entitled to a default judgment, a plaintiff bears the burden to establish proper service of the complaint on the defaulting party. *See Rajotte v. Fabco Metal Prod., LLC*, 2012 WL 6765731, at *2 (M.D. Fla. Dec. 13, 2012), *report and recommendation adopted*, 2013 WL 57722 (M.D. Fla. Jan. 4, 2013) (denying motion for default judgment without prejudice due to improper service.). A district court may not enter default judgment against a defendant who was not properly served. *Colclough v. Gwinnett Pub. Schs.*, 734 F. App'x 660, 662 (11th Cir. 2018) ("Given the improper service, the Court lacked jurisdiction over the matter and could not render a default judgment or enter default.").

---

[1] The Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981. *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc).

Federal Rule of Civil Procedure 4(e) provides, "Unless federal law provides otherwise, an individual ... may be served in a judicial district of the United States by: (1) following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made; or (2) doing any of the following: (A) delivering a copy of the summons and of the complaint to the individual personally; (B) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or (C) delivering a copy of each to an agent by appointment or by law to receive service of process." Rule 4(h)(1) allows an unincorporated association—such as Defendant Navigo Plus, LLC, which is a limited liability company—to be served in two ways: (1) by following state law; or (2) by delivering a copy of the summons and complaint to an officer, a managing or general agent, or "any other agent authorized by appointment or by law to receive service of process."

Plaintiff states that Defendants were served "through a third party service processor as provided by Rule 4(c)(1)." Doc. 28-1 at 1. Critically, however, Plaintiff makes no attempt to establish that Plaintiff followed state law—either that of Florida, where this action was filed, or of New Jersey, where the alleged "authorized representative" appears to reside. Instead, in seeking to establish proper service of process on Defendant Navigo Plus, LLC, Plaintiff relies on counsel's own affidavit, in which he states, without further evidence, that the individual Defendant (Eslam Abozaid) "represented to the process server that he is the authorized representative who is designated by law to accept service of process on behalf of Navigo Plus, LLC." *Id.* at 2. However, the Proof of Service filed on November 24, 2023 provides no evidence that any such representations were made. Even assuming Defendant made such a representation, "claims by an agent that he has authority to receive process or the fact that an agent actually accepts process is

not enough to bind the defendant." *United States v. Demesmin*, 2018 WL 1988864, at *3 (M.D. Fla. Mar. 14, 2018). Accordingly, Plaintiff has not met its burden of establishing that it properly served Defendant Navigo Plus, LLC.

Additionally, Rule 4(m) provides that "[i]f a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against the defendant or order that service be made within a specified time." Here, more than 90 days have passed since the complaint was failed. Therefore, the Court cautions Plaintiff that if it does not properly service Defendants by **March 7, 2024**, this case may be dismissed without prejudice.

### III.   Conclusion

Accordingly, it is **ORDERED** that:

1. the Motion (Doc. 28) is **DENIED;**

2. Plaintiff is given until **March 7, 2024**, to establish sufficient service of process on Defendants; and

3. the Clerk's Entry of Default (Doc. 26) is **VACATED**.

**ORDERED** in Orlando, Florida on February 15, 2024.

DANIEL C. IRICK
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy